UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

COACH, INC. and COACH SERVICES,
INC.,

                  Plaintiffs,

v

TAX CONNECTION WORLDWIDE,
CHECK GROUP CORP. and STEVE
SUOLAKA,

                  Defendants.

Case No.: 10-cv-14746
Hon. Arthur J. Tarnow

---

ALEJANDRO VALLE
GONZALEZ, SAGGIO and HARLAN, LLP
*Attorney for Plaintiffs*
135 N. Pennsylvania Street, Suite 1740
Indianapolis, IN  46204
317.686.9800/fax 317.686.9821
vallea@gshllp.com

FRANK A. MISURACA (P55643)
KAUFMAN, PAYTON & CHAPA, P.C.
*Attorney for Def. Check Group & Suolaka*
30833 Northwestern Hwy., Suite 200
Farmington Hills, MI  48334
248.626.5000/fax 248.626.2843
famisuraca@kaufmanlaw.com

---

## DEFENDANTS CHECK GROUP CORP. AND STEVE SUOLAKA'S ANSWER TO PLAINTIFFS' COMPLAINT, RELIANCE UPON JURY DEMAND AND AFFIRMATIVE DEFENSES

      NOW COME Defendants CHECK GROUP CORP. (hereinafter "CHECK GROUP") and

STEVE SUOLAKA by and through its attorneys Kaufman, Payton & Chapa and for its Answer

to Plaintiffs' Complaint, Reliance Upon Jury Demand, Affirmative Defenses submit the

following:

### Nature of Action

1.       Defendants neither admit nor deny the allegations in paragraph 1 because Defendants lack information and knowledge sufficient to form a belief as to the truth of the claims and Defendants leave Plaintiffs to their strict proofs.

### Jurisdiction and Venue

2.       Defendants neither admit nor deny the allegations in paragraph 2 because same calls for a legal conclusion and Plaintiffs are left to their strict proofs.

3.       Defendants neither admit nor deny the allegations in paragraph 3 because same calls for a legal conclusion and Plaintiffs are left to their strict proofs.

4.       Defendants admit that Check Group is a corporation in the state of Michigan.  The remaining allegations are neither admitted nor denied because same calls for a legal conclusion and Plaintiffs are left to their strict proofs.

### Parties

5.       Defendants neither admit nor deny the allegations in paragraph 5 because Defendants lack information and knowledge sufficient to form a belief as to the truth of the claims and Defendants leave Plaintiffs to their strict proofs.

6.       Denied.  Defendant Suolaka has no affiliation with Tax Connection Worldwide. In further response, Defendant Suolaka admits he owns Defendant Check Group.

### The World Famous Coach Brand and Products

7.       Defendants restate and incorporated paragraphs 1 through 6 by reference as fully set forth therein.

8.      Defendants also restate and incorporate the preceding paragraphs for purposes of all subsequent factual and legal sections of this Answer as fully set forth therein.

9.      Defendants neither admit nor deny the allegations in paragraph 9 because Defendants lack information and knowledge sufficient to form a belief as to the truth of the claims and Defendants leave Plaintiffs to their strict proofs.

10.     Defendants neither admit nor deny the allegations in paragraph 10 because Defendants lack information and knowledge sufficient to form a belief as to the truth of the claims and Defendants leave Plaintiffs to their strict proofs.

11.     Defendants neither admit nor deny the allegations in paragraph 11 because Defendants lack information and knowledge sufficient to form a belief as to the truth of the claims and Defendants leave Plaintiffs to their strict proofs.

12.     Defendants neither admit nor deny the allegations in paragraph 12 because Defendants lack information and knowledge sufficient to form a belief as to the truth of the claims and Defendants leave Plaintiffs to their strict proofs.

## The Coach Trademarks

13.     Defendants neither admit nor deny the allegations in paragraph 13 because Defendants lack information and knowledge sufficient to form a belief as to the truth of the claims and Defendants leave Plaintiffs to their strict proofs.

14.     Defendants neither admit nor deny the allegations in paragraph 14 because same calls for a legal conclusion and Plaintiffs are left to their strict proofs.

15.     Defendants neither admit nor deny the allegations in paragraph 15 because same calls for a legal conclusion and Plaintiffs are left to their strict proofs.

16.     Denied.

17.     Defendants neither admit nor deny the allegations in paragraph 17 because same calls for a legal conclusion and Plaintiffs are left to their strict proofs.

18.     Defendants neither admit nor deny the allegations in paragraph 18 because Defendants lack information and knowledge sufficient to form a belief as to the truth of the claims and Defendants leave Plaintiffs to their strict proofs.

### The Coach Trade Dress

19.     Defendants neither admit nor deny the allegations in paragraph 19 because Defendants lack information and knowledge sufficient to form a belief as to the truth of the claims and Defendants leave Plaintiffs to their strict proofs.

20.     Defendants neither admit nor deny the allegations in paragraph 20 because Defendants lack information and knowledge sufficient to form a belief as to the truth of the claims and Defendants leave Plaintiffs to their strict proofs.

21.     Defendants neither admit nor deny the allegations in paragraph 21 because Defendants lack information and knowledge sufficient to form a belief as to the truth of the claims and Defendants leave Plaintiffs to their strict proofs.

22.     Defendants neither admit nor deny the allegations in paragraph 22 because Defendants lack information and knowledge sufficient to form a belief as to the truth of the claims and Defendants leave Plaintiffs to their strict proofs.

## The Coach Design Elements - Copyrights

23.     Defendants neither admit nor deny the allegations in paragraph 23 because same calls for a legal conclusion and Plaintiffs are left to their strict proofs.

24.     Defendants neither admit nor deny the allegations in paragraph 24 because same calls for a legal conclusion and Plaintiffs are left to their strict proofs.

25.     Defendants neither admit nor deny the allegations in paragraph 25 because same calls for a legal conclusion and Plaintiffs are left to their strict proofs.

26.     Defendants neither admit nor deny the allegations in paragraph 26 because Defendants lack information and knowledge sufficient to form a belief as to the truth of the claims and Defendants leave Plaintiffs to their strict proofs.

## Defendants' Acts of Infringement and Unfair Competition

27.     Denied, including subparagraphs A-C.

28.     Denied, Defendants are not engaged in designing, manufacturing, advertising, promoting, distributing, selling, and/or offering for sale products bearing logos and source-identifying indicia and design elements that are studied imitations of the Coach Trademarks, the Coach Trade Dresses, and the Coach Design Elements.

29.     Denied, Defendants are not engaged in designing, manufacturing, advertising, promoting, distributing, selling, and/or offering for sale products bearing logos and source-identifying indicia and design elements that are studied imitations of the Coach Trademarks, the Coach Trade Dresses, and the Coach Design Elements.

30.     Denied, Defendants are not engaged in designing, manufacturing, advertising, promoting, distributing, selling, and/or offering for sale products bearing logos and source-identifying indicia and design elements that are studied imitations of the Coach Trademarks, the Coach Trade Dresses, and the Coach Design Elements.

31.     Denied, Defendants are not engaged in designing, manufacturing, advertising, promoting, distributing, selling, and/or offering for sale products bearing logos and source-identifying indicia and design elements that are studied imitations of the Coach Trademarks, the Coach Trade Dresses, and the Coach Design Elements.

32.     Denied, Defendants are not engaged in designing, manufacturing, advertising, promoting, distributing, selling, and/or offering for sale products bearing logos and source-identifying indicia and design elements that are studied imitations of the Coach Trademarks, the Coach Trade Dresses, and the Coach Design Elements.

33.     Denied, Defendants are not engaged in designing, manufacturing, advertising, promoting, distributing, selling, and/or offering for sale products bearing logos and source-identifying indicia and design elements that are studied imitations of the Coach Trademarks, the Coach Trade Dresses, and the Coach Design Elements.

## COUNT I
## (Trademark Counterfeiting, 15 U.S.C. § 1114)

34.     Defendants restate and incorporate paragraphs 1 through 33 by reference as fully set forth therein.

35.     Denied, Defendants are not engaged in designing, manufacturing, advertising, promoting, distributing, selling, and/or offering for sale products bearing logos and

source-identifying indicia and design elements that are studied imitations of the Coach Trademarks, the Coach Trade Dresses, and the Coach Design Elements.

36.     Denied, Defendants are not engaged in designing, manufacturing, advertising, promoting, distributing, selling, and/or offering for sale products bearing logos and source-identifying indicia and design elements that are studied imitations of the Coach Trademarks, the Coach Trade Dresses, and the Coach Design Elements.

37.     Denied, Defendants are not engaged in designing, manufacturing, advertising, promoting, distributing, selling, and/or offering for sale products bearing logos and source-identifying indicia and design elements that are studied imitations of the Coach Trademarks, the Coach Trade Dresses, and the Coach Design Elements.

38.     Denied, Defendants are not engaged in designing, manufacturing, advertising, promoting, distributing, selling, and/or offering for sale products bearing logos and source-identifying indicia and design elements that are studied imitations of the Coach Trademarks, the Coach Trade Dresses, and the Coach Design Elements.

39.     Denied, Defendants are not engaged in designing, manufacturing, advertising, promoting, distributing, selling, and/or offering for sale products bearing logos and source-identifying indicia and design elements that are studied imitations of the Coach Trademarks, the Coach Trade Dresses, and the Coach Design Elements.

40.     Denied, Defendants are not engaged in designing, manufacturing, advertising, promoting, distributing, selling, and/or offering for sale products bearing logos and

source-identifying indicia and design elements that are studied imitations of the Coach Trademarks, the Coach Trade Dresses, and the Coach Design Elements.

41.     Denied, Defendants are not engaged in designing, manufacturing, advertising, promoting, distributing, selling, and/or offering for sale products bearing logos and source-identifying indicia and design elements that are studied imitations of the Coach Trademarks, the Coach Trade Dresses, and the Coach Design Elements.

## COUNT II
## (Trademark Infringement, 15 U.S.C. § 1114)

42.     Defendants restate and incorporate paragraphs 1 through 41 by reference as fully set forth therein.

43.     Denied, Defendants are not engaged in designing, manufacturing, advertising, promoting, distributing, selling, and/or offering for sale products bearing logos and source-identifying indicia and design elements that are studied imitations of the Coach Trademarks, the Coach Trade Dresses, and the Coach Design Elements.

44.     Denied, Defendants are not engaged in designing, manufacturing, advertising, promoting, distributing, selling, and/or offering for sale products bearing logos and source-identifying indicia and design elements that are studied imitations of the Coach Trademarks, the Coach Trade Dresses, and the Coach Design Elements.

45.     Denied, Defendants are not engaged in designing, manufacturing, advertising, promoting, distributing, selling, and/or offering for sale products bearing logos and source-identifying indicia and design elements that are studied imitations of the Coach Trademarks, the Coach Trade Dresses, and the Coach Design Elements.

46.     Denied, Defendants are not engaged in designing, manufacturing, advertising, promoting, distributing, selling, and/or offering for sale products bearing logos and source-identifying indicia and design elements that are studied imitations of the Coach Trademarks, the Coach Trade Dresses, and the Coach Design Elements.

47.     Denied, Defendants are not engaged in designing, manufacturing, advertising, promoting, distributing, selling, and/or offering for sale products bearing logos and source-identifying indicia and design elements that are studied imitations of the Coach Trademarks, the Coach Trade Dresses, and the Coach Design Elements.

48.     Denied, Defendants are not engaged in designing, manufacturing, advertising, promoting, distributing, selling, and/or offering for sale products bearing logos and source-identifying indicia and design elements that are studied imitations of the Coach Trademarks, the Coach Trade Dresses, and the Coach Design Elements.

49.     Denied, Defendants are not engaged in designing, manufacturing, advertising, promoting, distributing, selling, and/or offering for sale products bearing logos and source-identifying indicia and design elements that are studied imitations of the Coach Trademarks, the Coach Trade Dresses, and the Coach Design Elements.

## COUNT III
### (Trade Dress Infringement, 15 U.S.C. § 1125(a))

50.     Defendants restate and incorporate paragraphs 1 through 49 by reference as fully set forth therein.

51.     Denied, Defendants are not engaged in designing, manufacturing, advertising, promoting, distributing, selling, and/or offering for sale products bearing logos and

source-identifying indicia and design elements that are studied imitations of the Coach Trademarks, the Coach Trade Dresses, and the Coach Design Elements.

52.     Denied, Defendants are not engaged in designing, manufacturing, advertising, promoting, distributing, selling, and/or offering for sale products bearing logos and source-identifying indicia and design elements that are studied imitations of the Coach Trademarks, the Coach Trade Dresses, and the Coach Design Elements.

53.     Denied, Defendants are not engaged in designing, manufacturing, advertising, promoting, distributing, selling, and/or offering for sale products bearing logos and source-identifying indicia and design elements that are studied imitations of the Coach Trademarks, the Coach Trade Dresses, and the Coach Design Elements.

54.     Denied, Defendants are not engaged in designing, manufacturing, advertising, promoting, distributing, selling, and/or offering for sale products bearing logos and source-identifying indicia and design elements that are studied imitations of the Coach Trademarks, the Coach Trade Dresses, and the Coach Design Elements.

55.     Denied, Defendants are not engaged in designing, manufacturing, advertising, promoting, distributing, selling, and/or offering for sale products bearing logos and source-identifying indicia and design elements that are studied imitations of the Coach Trademarks, the Coach Trade Dresses, and the Coach Design Elements.

56.     Denied, Defendants are not engaged in designing, manufacturing, advertising, promoting, distributing, selling, and/or offering for sale products bearing logos and

source-identifying indicia and design elements that are studied imitations of the Coach Trademarks, the Coach Trade Dresses, and the Coach Design Elements.

57.     Denied, Defendants are not engaged in designing, manufacturing, advertising, promoting, distributing, selling, and/or offering for sale products bearing logos and source-identifying indicia and design elements that are studied imitations of the Coach Trademarks, the Coach Trade Dresses, and the Coach Design Elements.

58.     Denied, Defendants are not engaged in designing, manufacturing, advertising, promoting, distributing, selling, and/or offering for sale products bearing logos and source-identifying indicia and design elements that are studied imitations of the Coach Trademarks, the Coach Trade Dresses, and the Coach Design Elements.

## COUNT IV
## (False Designation of Origin and False Advertising, 15 U.S.C. § 1125(a))

59.     Defendants restate and incorporate paragraphs 1 through 58 by reference as fully set forth therein.

60.     Denied, Defendants are not engaged in designing, manufacturing, advertising, promoting, distributing, selling, and/or offering for sale products bearing logos and source-identifying indicia and design elements that are studied imitations of the Coach Trademarks, the Coach Trade Dresses, and the Coach Design Elements.

61.     Denied, Defendants are not engaged in designing, manufacturing, advertising, promoting, distributing, selling, and/or offering for sale products bearing logos and source-identifying indicia and design elements that are studied imitations of the Coach Trademarks, the Coach Trade Dresses, and the Coach Design Elements.

62.   Denied, Defendants are not engaged in designing, manufacturing, advertising, promoting, distributing, selling, and/or offering for sale products bearing logos and source-identifying indicia and design elements that are studied imitations of the Coach Trademarks, the Coach Trade Dresses, and the Coach Design Elements.

63.   Denied, Defendants are not engaged in designing, manufacturing, advertising, promoting, distributing, selling, and/or offering for sale products bearing logos and source-identifying indicia and design elements that are studied imitations of the Coach Trademarks, the Coach Trade Dresses, and the Coach Design Elements.

64.   Denied, Defendants are not engaged in designing, manufacturing, advertising, promoting, distributing, selling, and/or offering for sale products bearing logos and source-identifying indicia and design elements that are studied imitations of the Coach Trademarks, the Coach Trade Dresses, and the Coach Design Elements.

## COUNT V
## (Trademark Dilution, 15 U.S.C. § 1125(a))

65.   Defendants restate and incorporate paragraphs 1 through 64 by reference as fully set forth therein.

66.   Defendants neither admit nor deny the allegations in paragraph 66 because Defendants lack information and knowledge sufficient to form a belief as to the truth of the claims and Defendants leave Plaintiffs to their strict proofs.

67.   Defendants neither admit nor deny the allegations in paragraph 67 because same calls for a legal conclusion and Plaintiffs are left to their strict proofs.

68.     Denied, Defendants are not engaged in designing, manufacturing, advertising, promoting, distributing, selling, and/or offering for sale products bearing logos and source-identifying indicia and design elements that are studied imitations of the Coach Trademarks, the Coach Trade Dresses, and the Coach Design Elements.

69.     Denied, Defendants are not engaged in designing, manufacturing, advertising, promoting, distributing, selling, and/or offering for sale products bearing logos and source-identifying indicia and design elements that are studied imitations of the Coach Trademarks, the Coach Trade Dresses, and the Coach Design Elements.

70.     Denied, Defendants are not engaged in designing, manufacturing, advertising, promoting, distributing, selling, and/or offering for sale products bearing logos and source-identifying indicia and design elements that are studied imitations of the Coach Trademarks, the Coach Trade Dresses, and the Coach Design Elements.

71.     Denied, Defendants are not engaged in designing, manufacturing, advertising, promoting, distributing, selling, and/or offering for sale products bearing logos and source-identifying indicia and design elements that are studied imitations of the Coach Trademarks, the Coach Trade Dresses, and the Coach Design Elements.

72.     Denied, Defendants are not engaged in designing, manufacturing, advertising, promoting, distributing, selling, and/or offering for sale products bearing logos and source-identifying indicia and design elements that are studied imitations of the Coach Trademarks, the Coach Trade Dresses, and the Coach Design Elements.

## COUNT VI
## (Copyright Infringement, 17 U.S.C. § 501)

73.     Defendants restate and incorporate paragraphs 1 through 72 by reference as fully set forth therein.

74.     Defendants neither admit nor deny the allegations in paragraph 74 because same calls for a legal conclusion and Plaintiffs are left to their strict proofs.

75.     Denied, Defendants are not engaged in designing, manufacturing, advertising, promoting, distributing, selling, and/or offering for sale products bearing logos and source-identifying indicia and design elements that are studied imitations of the Coach Trademarks, the Coach Trade Dresses, and the Coach Design Elements.

76.     Denied, Defendants are not engaged in designing, manufacturing, advertising, promoting, distributing, selling, and/or offering for sale products bearing logos and source-identifying indicia and design elements that are studied imitations of the Coach Trademarks, the Coach Trade Dresses, and the Coach Design Elements.

77.     Denied, Defendants are not engaged in designing, manufacturing, advertising, promoting, distributing, selling, and/or offering for sale products bearing logos and source-identifying indicia and design elements that are studied imitations of the Coach Trademarks, the Coach Trade Dresses, and the Coach Design Elements.

78.     Denied, Defendants are not engaged in designing, manufacturing, advertising, promoting, distributing, selling, and/or offering for sale products bearing logos and source-identifying indicia and design elements that are studied imitations of the Coach Trademarks, the Coach Trade Dresses, and the Coach Design Elements.

79.     Denied, Defendants are not engaged in designing, manufacturing, advertising, promoting, distributing, selling, and/or offering for sale products bearing logos and source-identifying indicia and design elements that are studied imitations of the Coach Trademarks, the Coach Trade Dresses, and the Coach Design Elements.

80.     Denied, Defendants are not engaged in designing, manufacturing, advertising, promoting, distributing, selling, and/or offering for sale products bearing logos and source-identifying indicia and design elements that are studied imitations of the Coach Trademarks, the Coach Trade Dresses, and the Coach Design Elements.

### COUNT VII
### (Common Law Trademark Infringement)

81.     Defendants restate and incorporate paragraphs 1 through 80 by reference as fully set forth therein.

82.     Denied, Defendants are not engaged in designing, manufacturing, advertising, promoting, distributing, selling, and/or offering for sale products bearing logos and source-identifying indicia and design elements that are studied imitations of the Coach Trademarks, the Coach Trade Dresses, and the Coach Design Elements.

83.     Denied, Defendants are not engaged in designing, manufacturing, advertising, promoting, distributing, selling, and/or offering for sale products bearing logos and source-identifying indicia and design elements that are studied imitations of the Coach Trademarks, the Coach Trade Dresses, and the Coach Design Elements.

84.     Denied, Defendants are not engaged in designing, manufacturing, advertising, promoting, distributing, selling, and/or offering for sale products bearing logos and

15

source-identifying indicia and design elements that are studied imitations of the Coach Trademarks, the Coach Trade Dresses, and the Coach Design Elements.

85.     Denied, Defendants are not engaged in designing, manufacturing, advertising, promoting, distributing, selling, and/or offering for sale products bearing logos and source-identifying indicia and design elements that are studied imitations of the Coach Trademarks, the Coach Trade Dresses, and the Coach Design Elements.

86.     Denied, Defendants are not engaged in designing, manufacturing, advertising, promoting, distributing, selling, and/or offering for sale products bearing logos and source-identifying indicia and design elements that are studied imitations of the Coach Trademarks, the Coach Trade Dresses, and the Coach Design Elements.

87.     Denied, Defendants are not engaged in designing, manufacturing, advertising, promoting, distributing, selling, and/or offering for sale products bearing logos and source-identifying indicia and design elements that are studied imitations of the Coach Trademarks, the Coach Trade Dresses, and the Coach Design Elements.

88.     Denied, Defendants are not engaged in designing, manufacturing, advertising, promoting, distributing, selling, and/or offering for sale products bearing logos and source-identifying indicia and design elements that are studied imitations of the Coach Trademarks, the Coach Trade Dresses, and the Coach Design Elements.

89.     Denied, Defendants are not engaged in designing, manufacturing, advertising, promoting, distributing, selling, and/or offering for sale products bearing logos and

source-identifying indicia and design elements that are studied imitations of the Coach

Trademarks, the Coach Trade Dresses, and the Coach Design Elements.

## COUNT VIII
### (Common Law Unfair Competition)

90.     Defendants restate and incorporate paragraphs 1 through 89 by reference as fully
set forth therein.

91.     Denied, Defendants are not engaged in designing, manufacturing, advertising,
promoting, distributing, selling, and/or offering for sale products bearing logos and
source-identifying indicia and design elements that are studied imitations of the Coach
Trademarks, the Coach Trade Dresses, and the Coach Design Elements.

92.     Denied, Defendants are not engaged in designing, manufacturing, advertising,
promoting, distributing, selling, and/or offering for sale products bearing logos and
source-identifying indicia and design elements that are studied imitations of the Coach
Trademarks, the Coach Trade Dresses, and the Coach Design Elements.

93.     Denied, Defendants are not engaged in designing, manufacturing, advertising,
promoting, distributing, selling, and/or offering for sale products bearing logos and
source-identifying indicia and design elements that are studied imitations of the Coach
Trademarks, the Coach Trade Dresses, and the Coach Design Elements.

94.     Denied, Defendants are not engaged in designing, manufacturing, advertising,
promoting, distributing, selling, and/or offering for sale products bearing logos and
source-identifying indicia and design elements that are studied imitations of the Coach
Trademarks, the Coach Trade Dresses, and the Coach Design Elements.

WHEREFORE, Defendants CHECK GROUP and STEVE SUOLAKA pray for a judgment of no cause of action in their favor and against the Plaintiffs, together with court costs and attorney fees so wrongfully sustained in defense of this action.  Further Defendants respectfully request that said complaint be dismissed for failure to state a cause of action against Defendants CHECK GROUP and STEVE SUOLAKA.

## DEFENDANTS' RELIANCE UPON PLAINTIFFS' JURY DEMAND

NOW COME Defendants CHECK GROUP AND STEVE SUOLAKA by and through counsel undersigned, Kaufman, Payton & Chapa, and hereby relies upon Plaintiffs' demand for a trial by jury in the above cause of action.

Respectfully submitted,

KAUFMAN AND PAYTON

/s/ Frank A. Misuraca
FRANK A MISURACA (P55643)
200 Kaufman Financial Center
30833 Northwestern Highway
Farmington Hills, MI 48334
248.626.5000/fax248.626.2843
famisuraca@kaufmanlaw.com

Date: January 11, 2011

18

## DEFENDANT'S AFFIRMATIVE DEFENSES

NOW COME Defendants, CHECK GROUP AND STEVE SUOLAKA, by and through counsel undersigned, Kaufman, Payton and Chapa, and by way of affirmative defenses, state that they will rely upon and assist in their defense and demand reply hereto:

1.    Defendants have no affiliation whatsoever with the entity identified as TAX CONNECTION WORLDWIDE, INC.

2.    Defendants have never designed or manufactured any products with the Coach design or resembling the Coach design.

3.    Defendants have never sold any products with the Coach design or resembling the Coach design.

4.    Defendants are in the personal loan/check cashing business.

5.    Defendants do not own the building where their business operates and did not have possession or control of any space in the building other than where Defendants operated their business.

6.    Even if defendants are found to have sold products with a design resembling the Coach logo, there was no likelihood of confusion between the products Defendants are alleged to have sold and Plaintiffs' products to the buying public.

7.    If one of Defendants' employees is found to have sold products with a design resembling the Coach logo, said employee or employees had no authority to do so, and would have been acting outside the scope of their employment.

8.     Plaintiff has failed to establish the eight-factor test for determining "likelihood of confusion" pursuant to *Frisch's Restaurants Inc. v Elby Big Boy of Steubenville, Ohio*, 670 F2d 642, 648 (6th Cir. 1982).

9.     There is no evidence of a likelihood of confusion by a purchaser at the point of sale, regarding the products' origin.  Customers knowing they are purchasing a knockoff designer purse simply do not confuse the counterfeit with the original.  See *Hermes International et al v Lederer de Paris Fifth Ave.*, 219 F3d 104, 107-08 (2d Cir. 2000).

10.     There was no confusion, mistake, or deception as to the origin, sponsorship or approval of the products, if sold.

11.     Defendants had no intent to derive any benefit from Plaintiffs' reputation.

12.     Plaintiffs have failed to establish that the public who purchased the items at issue in this case were primarily concerned in the producer, rather than the product itself.

13.     Defendants have not placed any product in commerce that is likely to cause confusion or to cause a mistake or to deceive the buying public.

14.     The "Aesthetic Functionality Doctrine" precludes recovery.

15.     Similarity of products alone is not actionable.  *Fisher Stores v All Nighter Stove Works, Inc.*, 626 F2d 193, 195 (1st Cir. 1980).

16.     Plaintiff has failed to show any injury or damages related to Defendants' conduct.

17.     Plaintiff has not established secondary meaning with its design.

WHEREFORE, Defendants CHECK GROUP and STEVE SUOLAKA reserve their right to amend and supplement their affirmative defenses as discovery continues and pray for a

judgment of no cause of action in their favor and against the Plaintiffs, together with court costs and attorney fees so wrongfully sustained in the defense of this action.   Further, that said complain be dismissed for failure to state a cause of action against Defendants CHECK GROUP AND STEVE SUOLAKA.

Respectfully submitted,

KAUFMAN AND PAYTON

/s/ Frank A. Misuraca
FRANK A MISURACA (P55643)
200 Kaufman Financial Center
30833 Northwestern Highway
Farmington Hills, MI 48334
248.626.5000/fax248.626.2843
famisuraca@kaufmanlaw.com

Date:  January 11, 2011

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

COACH, INC. and COACH SERVICES,
INC.,

     Plaintiffs,     Case No.:  10-cv-14746
               Hon. Arthur J. Tarnow

v

TAX CONNECTION WORLDWIDE,   **CERTIFICATE OF SERVICE**
CHECK GROUP CORP. and STEVE
SUOLAKA,

     Defendants.

---

| ALEJANDRO VALLE | FRANK A. MISURACA (P55643) |
|---|---|
| GONZALEZ, SAGGIO and HARLAN, LLP | KAUFMAN, PAYTON & CHAPA, P.C. |
| *Attorney for Plaintiffs* | *Attorney for Def. Check Group & Suolaka* |
| 135 N. Pennsylvania Street, Suite 1740 | 30833 Northwestern Hwy., Suite 200 |
| Indianapolis, IN  46204 | Farmington Hills, MI  48334 |
| 317.686.9800/fax 317.686.9821 | 248.626.5000/fax 248.626.2843 |
| vallea@gshllp.com | famisuraca@kaufmanlaw.com |

---

   I hereby certify that on January 11, 2011 I electronically filed an Defendants Check Group Inc. and Steve Suolaka's Answer to Complaint, Reliance Upon Jury Demand, Affirmative Defenses and this Certificate of Service with the Clerk of the Court, using the ECF system, which will send notification of such filing to Alejandro Valle.


       /s/ Frank Misuraca
       FRANK MISURACA (P55643)
       KAUFMAN, PAYTON & CHAPA
       30833 Northwestern Hwy., Ste. 200
       Farmington Hills, MI  48334
       (248) 626-5000/Fax (248) 626-2843
       famisuraca@kaufmanlaw.com

Dated:  January 11, 2011
F:\DOCS\1020\0523\ANSWER\K0063173.DOC